UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          :
                                   :
        v.                         :   Criminal No. 95-88-03
                                   :   Civil No. 00-2417
BILLY RICHARDSON,                  :
                                   :
        Defendant.                 :

**FILED**

OCT 0 9 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>MEMORANDUM OPINION</u>

The Defendant, Billy Richardson, has filed a Motion, pursuant to 28 U.S.C. § 2255, to set aside his convictions for ineffective assistance of counsel. The Defendants was one of three co-defendants charged in a 68-count indictment alleging murders, armed robberies, assaults, and weapons offenses. The jury found the Defendant guilty of five counts of armed assault with intent to murder, possession of a firearm during a crime of violence, federal use of a firearm during a crime of violence, three counts of armed robbery, assault with a dangerous weapon, second degree burglary while armed, and two counts of possession of a firearm after having committed a felony. Ultimately, the Court of Appeals upheld all of these convictions. <u>United States v. Harold Cunningham and Billy Richardson</u>, 145 F.3d 1385 (D.C. Cir. 1998).

The Defendant, <u>pro se</u>, argues in his pending Motion that his Sixth Amendment right to the effective assistance of counsel was violated for three reasons: the trial attorney failed to move to dismiss on speedy trial grounds; the trial attorney failed to

challenge this Court's written finding that the Defendant was involved in a violent incident that occurred in front of the jury; and the trial attorney had a conflict of interest between Defendant and a former client. In Strickland v. Washington, 466 U.S. 668, 687, 688, 693 (1984), the Supreme Court established the following two pronged test for ineffective assistance of counsel: first, a defendant must show that the attorney's errors "fell below an objective standard of reasonableness," i.e., "prevailing professional norms"; and, second, a defendant must affirmatively prove prejudice so serious as to lead to a trial result that is unreliable. See also U.S. v. Mitchell, 216 F.3d 1126 (D.C. Cir. 2000) and U.S. v. Calderone, 163 F.3d 644 (D.C. Cir. 1999). "Failure to make a required showing of either deficient performance or sufficient prejudice defeats the ineffective claim." Strickland at 700. Defendant's arguments fail for the following reasons:

1. Defendant argues that the trial attorney should have moved to dismiss the case for violation of the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). The simple answer is that the Speedy Trial Act was not violated. Defendant's trial began 370 days after his presentment before a judicial officer. Of those 370 days, 314 were tolled because of excludable events under the Speedy Trial Act; those excludable events included more than 20 substantive motions, numerous procedural motions, an array of complicated legal issues, and scheduling conflicts among the many lawyers involved in

representing the three Defendants, as well as the Government. Since only 56 days between presentment and trial were not excludable under the Speedy Trial Act, the Act's 70-day requirement was easily satisfied.

Finally, Defendant has failed to suggest any prejudice he may have suffered from the failure to make such a motion.

2.  Defendant argues that his defense counsel was ineffective for failing to challenge the Court's written statement of what occurred in open court. This argument has no merit whatsoever. The Court issued written findings, to ensure a permanent record, about Mr. Cunningham's stabbing a witness in open court. Included in these findings was the observation that Mr. Richardson had joined his friend, Mr. Cunningham, by jumping into the fray as the Marshals, prosecutor and FBI case agent struggled to subdue Mr. Cunningham. It would have been ludicrous for Defendant's counsel to have challenged these findings.

Finally, Defendant cannot point to any prejudice he suffered as a result of these findings. Although the Court was forced to adopt much more stringent security measures, the shackles Mr. Richardson had to wear were not visible to the jury.

3.  Defendant argues that his trial counsel had a conflict of interest because counsel had briefly represented Michael Wright, a potential witness to and former suspect in two of the violent incidents in this case. Trial counsel had represented Mr. Wright

when he was initially charged with these offenses. Defendant suffered absolutely no prejudice because the Government dismissed the counts involving these two incidents against the Defendant. Moreover, Mr. Wright was never called to testify as a witness. Finally, even if he had been called, the Court indicated that it would appoint standby counsel to conduct any cross-examination of Mr. Wright.

In short, Defendant cannot show (1) that his attorney acted under "an actual conflict of interest" and/or (2) that the "conflict had some negative effect upon the Defendant." U.S. v. Shark, 51 F.3d 1072, 1075-76 (D.C. Cir.), cert. denied, 516 U.S. 955 (1995) (citing Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980)).

For all the forgoing reasons, Defendant's Motion is **denied**.

Date Oct 9, 2002

Gladys Kessler
United States District Judge